[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On March 13, 1997, the plaintiff, Stanley Rosgen filed an appeal from the Winchester probate court's February 7, 1997 order in the estate of his brother, Joseph W. Rosgen. The defendant, James G. Veneziano, is the executor of Joseph Rosgen's estate. The basis for Stanley Rosgen's appeal is that the probate court incorrectly determined that the pour-over provision of Joseph Rosgen's will requires the proceeds of a trust agreement to be distributed to certain charitable beneficiaries. Stanley Rosgen contends that the trust agreement in issue terminated upon the death of Joseph Rosgen's wife, Dorotha, four months before Joseph Rosgen died. Hence, the plaintiff argues there were no trust proceeds to pour-over. Rather, Stanley Rosgen claims that because the will is silent on the issue of the disposition of the estate in the event Dorotha predeceases Joseph, the pour-over provision lapses and the estate is distributed to the sole heir at law, Stanley Rosgen.
On October 8, 1997, the defendant filed a motion for summary judgment on the ground that no genuine issue of material fact exists because Stanley Rosgen released any and all claims against the estate by executing a general release and that the trust in question did not terminate upon the death of Dorotha Rosgen. Pursuant to Practice Book § 380, the defendant filed a memorandum of law in support of his motion and attached a number of exhibits including copies of: 1) Joseph Rosgen's will; 2) the trust agreement; 3) the first codicil of Joseph Rosgen's will; 4) the Winchester probate court's memorandum of decision; and 5) the settlement agreement and general release by Stanley Rosgen. On October 22, 1997, the plaintiff filed a memorandum of law in CT Page 11485 opposition to the motion for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgement, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . (Citations omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 203, 663 A.2d 1001 (1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist". Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988).
In support of his motion for summary judgment, the defendant alleges that Stanley Rosgen relinquished any rights or claims against the estate of Joseph Rosgen by signing a general release and settlement agreement. Also, the defendant claims that the trust did not terminate on the death of Dorotha Rosgen. Rather, the defendant encourages the court to read the trust agreement as a whole and to harmonize the parts of the agreement. According to the defendant, the trust agreement established two separate trusts; the first, for the primary benefit of Joseph Rosgen, lasted throughout Joseph's lifetime while the second, for the benefit of Dorotha Rosgen, could only be created if Dorotha survived Joseph. The defendant contends that the death of Dorotha before Joseph merely made the second trust inoperative. Thus, the defendant claims that pursuant to General Statutes § 45a-482, the probate court properly allowed him to distribute the corpus of the trust to the charitable beneficiaries.
Stanley Rosgen argues that the court should not grant the defendant's motion for summary judgment because the trust agreement lapsed upon the death of Dorotha Rosgen, causing the proceeds to lapse into intestacy. Also, the plaintiff argues that the interpretation of the general release presents a question of fact because it requires examination of the parties' intent.
"Normally, a determination of what the parties intended by contractual commitments is a question of fact. . ." GaynorElectric Co. v. Hollander, 29 Conn. App. 865, 872, 618 A.2d 532
(1993). "Absent a statutory warranty or definitive contract language, the determination of what the parties intended to CT Page 11486 encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact." Bead ChainMfg. Co. v. Saxton Products, Inc., 183 Conn. 266, 274-75,439 A.2d 314 (1981).
In interpreting the language of the trust agreement at issue, this court could find that either the defendant's or the plaintiff's interpretation is correct. Again, the defendant contends that the agreement creates two trusts and that the trust for Dorotha Rosgen is merely inoperative because she predeceased Joseph Rosgen. Because Dorotha's trust is inoperative, the defendant argues, General Statutes § 45a-482 permits him to distribute the proceeds of the inoperative trust to the remaindermen, various charitable beneficiaries.
The language of the trust agreement is not explicit in creating two separate trusts. However, in reading the agreement as a whole and in harmonizing the articles with one another, there is language to support the conclusion that the trust for Dorotha was only to take effect upon the death of Joseph. The fifth article of the trust agreement addresses how income and principal from the trust shall be paid during the life of the settlor, Joseph Rosgen. Next, the sixth article provides for the payment of funeral expenses and estate taxes upon the death of Joseph Rosgen. Sequentially, the seventh article states, "[t]he [t]rustee shall deal with the trust property remaining after compliance with the provisions of Article Sixth above as follows. . ." Thus, a sequential and logical reading of the trust agreement shows that the provisions included in the seventh article only take effect upon the death of Joseph Rosgen. The first provision in the seventh article is for the payment of income and principal during Dorotha's life. A second provision in article seven provides for the termination of the trust upon the death of Dorotha and then for the distribution of principal to various charitable beneficiaries.
Given the undisputed fact that Dorotha Rosgen predeceased Joseph Rosgen, this court could conclude that the seventh article of the trust was made inoperative. However, the defendant has not set forth an argument which illucidates the automatic application of General Statutes § 45a-482. Namely, the defendant fails to address the problem of how article seven operates to trigger application of General Statutes § 45a-482 if article seven was made inoperative by Dorotha dying before Joseph. The trust agreement lacks any explicit provision in the event that Dorotha CT Page 11487 does not survive Joseph. In fact, the language of article ten, which addresses the resignation of the trustee and appointment of a successor, states, "[t]he Trustee or any Successor Trustee may resign at any time as Trustee of the trust by filing written notice of such resignation with the Settlor during his life and from and after his death with his said wife. . . [a] Successor Trustee shall be appointed by the Settlor if he is then living or if he is not then living by his said wife . . ." This language supports the plaintiff's contention that the trust agreement was based on the presumption that Dorotha Rosgen would survive Joseph Rosgen. Furthermore, it brings into question the soundness of allowing distribution of the trust under § 45a-482.
One interpretation of the trust agreement is that Dorotha's death before Joseph's also made inoperative the provision in article seven whereby the charitable beneficiaries were to take the principal of the trust upon Dorotha's death. If this interpretation is correct, the distribution to the charitable beneficiaries would not be appropriate. Moreover, this interpretation raises the issue of whether the proceeds, as a matter of law, should pass according to the intestacy statutes. Again, on a motion for summary judgment it is not the court's function to determine if this interpretation is correct, but rather to recognize that such a determination presents an issue of material fact. Accordingly, the defendant's motion for summary judgment is denied.
HON. WALTER M. PICKETT, JR.,State Judge Referee